## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASTROPOWER LIQUIDATING TRUST, f/k/a
ASTROPOWER, INC.,

        Plaintiff,

          vs.

KPMG LLP,

        Defendant.

Civil Action No. 06-469 (JJF)

### DEFENDANT KPMG LLP'S ANSWER

Defendant KPMG LLP ("KPMG"), by and through its undersigned counsel, hereby answers the Amended Complaint [D.I. 6] of plaintiff AstroPower Liquidating Trust ("AstroPower"), filed October 10, 2006, as follows:

### PARTIES

1.  KPMG admits the allegations in Paragraph 1 of the Amended Complaint but states that the Confirmation Order was entered on or about December 3, 2004 by the United States Bankruptcy Court for the District of Delaware.

2.  KPMG states that the Plan, the Confirmation Order, and the Liquidating Trust Agreement speak for themselves, and it respectfully refers the Court to the Plan, the Confirmation Order, and the Liquidating Trust Agreement. To the extent that Paragraph 2 alleges that the Trustee has a valid "Litigation Claim" against KPMG, KPMG denies such allegations.

3.   Paragraph 3 contains legal conclusions to which no responsive pleading is required. KPMG further states that the Plan, the Confirmation Order, and the Liquidating Trust Agreement speak for themselves, and it respectfully refers the Court to the Plan, the Confirmation Order, and the Liquidating Trust Agreement.   To the extent that Paragraph 3 alleges that the Trustee has a valid "Litigation Claim" against KPMG, KPMG denies such allegations.

4.   KPMG admits that it is a professional services firm providing audit, tax, and advisory services.   KPMG admits the remaining allegations in Paragraph 4 of the Amended Complaint.

### JURISDICTION AND VENUE

5.   KPMG states that the Plan and AstroPower's Amended Complaint speak for themselves, and it respectfully refers the Court to the Plan and the Amended Complaint.   KPMG admits that this Court has jurisdiction over the claims asserted in this proceeding.   The remaining allegations of Paragraph 5 contain legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

6.   KPMG states that the Plan and the Confirmation Order speak for themselves, and respectfully refers the Court to the Plan and the Confirmation Order.   To the extent that Paragraph 6 alleges that the Trustee has a valid "Litigation Claim" against KPMG, KPMG denies such allegations.

7.   KPMG admits that this district is the proper venue for this proceeding.

## FACTUAL BACKGROUND

**A.    AstroPower's Rise and Fall**

8.    KPMG is without knowledge or information sufficient to form a belief as to the founding of AstroPower, and therefore, that allegation is deemed denied.  KPMG admits the remaining allegations in Paragraph 8 of the Amended Complaint.

9.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations related to AstroPower's business prior to the time AstroPower retained KPMG to audit its annual financial statements and to provide certain tax services, and therefore, those allegations are deemed denied.  KPMG admits the remaining allegations in Paragraph 9 of the Amended Complaint.

10.    KPMG admits that it was retained to audit AstroPower's annual financial statements and to provide certain tax services and that KPMG resigned as auditor in December 2003.  KPMG denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11.    KPMG admits the allegations in Paragraph 11 of the Amended Complaint but states that the proceeds of AstroPower's initial public offering were approximately $16.6 million.

12.    KPMG admits the allegations in the first sentence of Paragraph 12 of the Amended Complaint.  KPMG further admits that AstroPower completed its follow-on offering but states that it resulted in net proceeds to AstroPower of approximately $30 million.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore, the remaining allegations are deemed denied.

13. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore, they are deemed denied.

14. KPMG admits that AstroPower issued a press release on February 26, 2001 reporting total revenues for the fiscal year ended December 31, 2000 of $49,787,000, representing a 43.7% increase over the previous year. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore, the remaining allegations are deemed denied.

15. KPMG admits the allegations in the first sentence of Paragraph 15 but states that AstroPower's third follow-on offering raised approximately $62 million. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore, the remaining allegations are deemed denied.

16. KPMG admits that in March 2003 it notified AstroPower that it had not completed its audit and that it would not at that time issue an unqualified audit opinion on AstroPower's 2002 annual financial statements because KPMG had identified a potential revenue recognition fraud at AstroPower. KPMG admits that AstroPower filed a Notification of Inability to Timely File its Form 10-K on or about April 1, 2003 and states that that Notification speaks for itself, and it respectfully refers the Court to that Notification. KPMG denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17. KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17, and therefore, those allegations are deemed denied. KPMG denies the remaining allegations in Paragraph 17 of the Amended Complaint.

18.   KPMG denies the allegations in Paragraph 18 of the Amended Complaint.

19.   KPMG admits that the Audit Committee retained the law firm of Hale & Dorr as independent counsel, and that the accounting firm Ernst & Young ("E&Y") was retained to provide forensic accounting services.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore, they are deemed denied.

20.   KPMG admits that AstroPower made an announcement on or about May 16, 2003 and states that that announcement speaks for itself, and it respectfully refers the Court to that announcement.

21.   KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, they are deemed denied.

22.   KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore, they are deemed denied.

23.   KPMG admits that AstroPower failed to complete timely and appropriate remedial actions, states that AstroPower instructed it to suspend the audit of AstroPower's 2002 financial statements in or around July 2003, and admits that KPMG did not complete its audit or issue an opinion on AstroPower's 2002 financial statements.  KPMG denies the remaining allegations in Paragraph 23 of the Amended Complaint.

24.   KPMG admits the allegations in Paragraph 24 of the Amended Complaint.

**B.    KPMG's Relationship with AstroPower**

25.    KPMG admits that it was engaged to act as independent auditor of AstroPower's annual financial statements and to provide certain tax services through separate annual engagements since 1992.  KPMG further admits that by letter dated December 23, 2003, KPMG advised AstroPower that the client-auditor relationship between KPMG and AstroPower had ceased.  KPMG is without knowledge or information as to the date AstroPower received KPMG's December 23, 2003 letter, and therefore, that allegation is deemed denied.  KPMG denies the remaining allegations in Paragraph 25 of the Amended Complaint.

26.    KPMG admits that it was engaged to act as independent auditor of AstroPower's annual financial statements and to provide certain tax services through separate annual engagements since 1992.  KPMG further admits that by letter dated December 23, 2003, KPMG advised AstroPower that the client-auditor relationship between KPMG and AstroPower had ceased.  KPMG denies the remaining allegations in Paragraph 26 of the Amended Complaint.

27.    KPMG admits that it was engaged to act as independent auditor of AstroPower's annual financial statements through separate annual engagements and that it was required to follow Generally Accepted Auditing Standards (GAAS).  To the extent the allegations in Paragraph 27 purport to characterize KPMG's engagement letters with AstroPower or GAAS, KPMG states that its engagement letters and GAAS speak for themselves, and it respectfully refers the Court to the engagement letters and GAAS.  KPMG denies the remaining allegations in Paragraph 27 of the Amended Complaint.

28.    To the extent the allegations in Paragraph 28 purport to characterize KPMG's engagement letters with AstroPower or GAAS, KPMG states that its engagement letters and

GAAS speak for themselves, and it respectfully refers the Court to the engagement letters and GAAS. KPMG further states that Paragraph 28 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

29. KPMG admits that it conducted annual audits of AstroPower's financial statements from 1992 through 2001, and that it provided certain tax services to AstroPower. KPMG denies the remaining allegations in Paragraph 29 of the Amended Complaint.

30. KPMG admits that it issued reports expressing its opinion as to whether AstroPower's annual consolidated financial statements for years prior to 2002, taken as a whole, conformed with accounting principles generally accepted in the United States and that such reports opined that AstroPower's financial statements were fairly presented in all material respects in accordance with Generally Accepted Accounting Principles ("GAAP"). KPMG further states that each such report speaks for itself, and it respectfully refers the Court to those reports. KPMG denies the remaining allegations in Paragraph 30 of the Amended Complaint.

31. KPMG admits that, over its ten-year professional relationship with AstroPower, AstroPower paid KPMG over $1 million, and states that significant professional fees owed to KPMG remained unpaid. KPMG denies the remaining allegations in Paragraph 31 of the Amended Complaint.

## C.    Accounting Irregularities

32. KPMG admits that it was engaged as independent auditor of AstroPower's annual financial statements through separate annual engagements from 1992 until the client-auditor relationship ceased in 2003. KPMG denies the remaining allegations in Paragraph 32 of the Amended Complaint.

33.  KPMG admits that a member of the KPMG engagement team was injured and that another KPMG auditor replaced him.  KPMG further admits that it identified potential irregularities in AstroPower's revenue recognition practices.  KPMG denies the remaining allegations in Paragraph 33 of the Amended Complaint.

34.  KPMG admits the allegation in the first sentence of Paragraph 34.  To the extent that the second sentence of Paragraph 34  purports to characterize the definition of "CIF," KPMG states that the international commercial terms speak for themselves, and it respectfully refers the Court to the international commercial terms.  KPMG denies the remaining allegations in Paragraph 34 of the Amended Complaint.

35.  KPMG admits the allegations in the first sentence of Paragraph 35.  KPMG admits that AstroPower's Audit Committee retained the law firm of Hale & Dorr as independent counsel to investigate the accounting irregularities, and admits that E&Y was retained to assist with the investigation and that E&Y identified additional irregularities in AstroPower's accounting.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore, they are deemed denied.

36.  KPMG admits that it was engaged as independent auditor of AstroPower's 2002 financial statements until the client-auditor relationship ceased on or about December 23, 2003.

37.  KPMG denies that AstroPower completed its Audit Committee's internal investigation as of December 23, 2003.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37, and therefore, the remaining allegations are deemed denied.

38. KPMG denies the allegations in Paragraph 38 of the Amended Complaint.

39. KPMG denies the allegations in Paragraph 39 of the Amended Complaint.

40. KPMG admits that AstroPower's unaudited 2002 financial statements as prepared by AstroPower contained misstatements. KPMG admits that it was engaged as independent auditor of AstroPower's annual financial statements until the client-auditor relationship ceased on or about December 23, 2003. KPMG denies the remaining allegations in Paragraph 40 of the Amended Complaint.

41. KPMG denies the allegations in Paragraph 41 of the Amended Complaint.

42. KPMG denies the allegations in Paragraph 42 of the Amended Complaint.

43. KPMG denies the allegations in Paragraph 43 of the Amended Complaint.

44. KPMG admits that there were accounting errors with respect to AstroPower's revenue recognition, inventory valuation, and incorrect charges to and capitalization of EUC. KPMG denies that E&Y performed an audit. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore, they are deemed denied.

### i.    Revenue Recognition

45. KPMG admits that one aspect of AstroPower's stated revenue recognition policy was to recognize revenue from product sales when products were shipped. AstroPower denies the remaining allegations in Paragraph 45 of the Amended Complaint.

46.   KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore, they are deemed denied.

47.   KPMG admits that it issued reports expressing its opinion as to whether AstroPower's annual consolidated financial statements, taken as a whole, conformed with accounting principles generally accepted in the United States and opining that AstroPower's financial statements were fairly presented in all material respects in accordance with GAAP. KPMG further states that each such report speaks for itself, and it respectfully refers the Court to those reports.  KPMG denies the remaining allegations in Paragraph 47 of the Amended Complaint.

### ii.     Days Sales Outstanding (DSOs)

48.   KPMG denies the allegations in Paragraph 48 of the Amended Complaint.

### iii.    Inventory Valuation

49.   KPMG admits the allegations in Paragraph 49 of the Amended Complaint.

50.   KPMG admits the allegations in Paragraph 50 of the Amended Complaint.

51.   KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, they are deemed denied.

### ANSWER:

52.   KPMG admits that AstroPower decided to begin stockpiling scrap inventory in or around 2001.  KPMG denies the remaining allegations in Paragraph 52 of the Amended Complaint.

53.  KPMG denies the allegations in Paragraph 53 of the Amended Complaint.

54.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore, they are deemed denied.

55.  KPMG denies the allegations in Paragraph 55 of the Amended Complaint.

### iv.  Equipment Under Construction

56.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore, they are deemed denied.

57.  KPMG denies that it suggested, directed or blessed the accounting referenced in Paragraph 57 of the Amended Complaint.  KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and therefore, they are deemed denied.

### D.  KPMG Raises Concerns and, Ultimately, Fires AstroPower as a Smokescreen and a Mechanism to Contrive a Defense to Their Decade-Old Failures

58.  KPMG admits that the Sarbanes-Oxley Act was signed into law on July 29, 2002. KPMG denies the remaining allegations in Paragraph 58 of the Amended Complaint.

59.  KPMG admits the allegations in Paragraph 59 of the Amended Complaint.

60.  KPMG admits that the allegations in Paragraph 60 of the Amended Complaint contain an accurate quotation from KPMG's January 30, 2003 engagement letter with AstroPower, and it respectfully refers the Court to the engagement letter for its full contents.

61.  KPMG admits the allegations in Paragraph 61 of the Amended Complaint.

62.   KPMG admits that it identified potential irregularities relating to AstroPower's revenue recognition practices and that it expressed those concerns to AstroPower in early 2003. KPMG is without knowledge or in information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and therefore, they are deemed denied.

63.   KPMG admits it concluded that it could no longer rely on management representations from AstroPower's then CEO and CFO.  KPMG denies the remaining allegations in Paragraph 63 of the Amended Complaint.

64.   KPMG admits that, because of the potential fraud at AstroPower, it expanded the scope of its audit of AstroPower's 2002 annual financial statements.  KPMG denies the remaining allegations in Paragraph 64 of the Amended Complaint.

65.   KPMG admits that AstroPower failed to complete timely and appropriate remedial actions and that KPMG therefore did not complete its audit or issue an opinion on AstroPower's 2002 financial statements.  KPMG denies the remaining allegations in Paragraph 65 of the Amended Complaint.

66.   KPMG admits that AstroPower failed to complete timely and appropriate remedial actions and that KPMG therefore did not complete its audit or issue an opinion on AstroPower's 2002 financial statements.  KPMG denies the remaining allegations in Paragraph 66 of the Amended Complaint.

67.   KPMG admits that AstroPower failed to complete timely and appropriate remedial actions and that KPMG therefore did not complete its audit or issue an opinion on AstroPower's

2002 financial statements.  KPMG denies the remaining allegations in Paragraph 67 of the Amended Complaint.

68.  KPMG denies the allegations in Paragraph 68 of the Amended Complaint.

69.  KPMG denies the allegations in Paragraph 69 of the Amended Complaint.

70.  KPMG admits that its initial estimate of its fees for the audit of AstroPower's 2002 financial statements was $246,650, that additional audit work was required because of the potential fraud at AstroPower, and that the additional work resulted in additional fees.  KPMG denies that AstroPower paid the fees it owed KPMG and denies the remaining allegations in Paragraph 70 of the Amended Complaint.

71.  KPMG admits that by letter dated December 23, 2003, it advised AstroPower that the client-auditor relationship between KPMG and AstroPower had ceased.  KPMG admits that it did not complete its audit or issue an opinion on AstroPower's 2002 financial statements. KPMG is without knowledge or information as to the date AstroPower received KPMG's December 23, 2003 letter, and therefore, that allegation is deemed denied.  KPMG denies the remaining allegations in Paragraph 71 of the Amended Complaint.

72.  KPMG denies the allegations in Paragraph 72 of the Amended Complaint.

**E.    AstroPower's Bankruptcy**

73.  KPMG admits the allegations in Paragraph 73 of the Amended Complaint.

74.  KPMG states that the Amended Schedules speak for themselves, and it respectfully refers the Court to the Amended Schedules.  KPMG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore, they are deemed denied.

75.    KPMG admits the allegations in Paragraph 75 of the Amended Complaint.

76.    KPMG states that the Court's July 27, 2005 Order speaks for itself, and KPMG respectfully refers the Court to that Order. KPMG admits that it agreed that its claim in the amount of $592,275.00 was a Disputed Claim. KPMG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and therefore, they are deemed denied.

## COUNT I – BREACH OF CONTRACT

77.    KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 76 as if fully set forth herein.

78.    KPMG admits that it was engaged through separate annual engagements by AstroPower to perform annual audits of AstroPower's financial statements. KPMG states that its separate engagement letters speak for themselves, and it respectfully refers the Court to those engagement letters. KPMG denies the remaining allegations in Paragraph 78 of the Amended Complaint.

79.    KPMG states that its separate engagement letters speak for themselves, and it respectfully refers the Court to those engagement letters. Paragraph 79 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

80.    KPMG denies the allegations in Paragraph 80 of the Amended Complaint.

81. KPMG denies the allegations in Paragraph 81 of the Amended Complaint.

## COUNT II – PROFESSIONAL NEGLIGENCE/ACCOUNTING MALPRACTICE

82. KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 81 as if fully set forth herein.

83. Paragraph 83 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

84. KPMG denies the allegations in Paragraph 84 of the Amended Complaint.

85. Paragraph 85 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

86. KPMG denies the allegations in Paragraph 86 of the Amended Complaint.

87. KPMG denies the allegations in Paragraph 87 of the Amended Complaint.

## COUNT III – NEGLIGENT MISREPRESENTATION

88. KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 87 as if fully set forth herein.

89. KPMG denies the allegations in Paragraph 89 of the Amended Complaint.

90. Paragraph 90 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

## COUNT IV – GROSS NEGLIGENCE

91.   KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 90 as if fully set forth herein.

92.   Paragraph 92 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

93.   Paragraph 93 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

## COUNT V – UNJUST ENRICHMENT

94.   KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 93 as if fully set forth herein.

95.   Paragraph 95 contains no factual allegations to which a response is required.  To the extent a response is required, KPMG denies the allegations in Paragraph 95 of the Amended Complaint.

96.   KPMG admits that, over its ten-year professional relationship with AstroPower, AstroPower paid KPMG over $1 million, though significant professional fees AstroPower owed to KPMG remained unpaid.  KPMG denies the remaining allegations in Paragraph 96 of the Amended Complaint.

97.   KPMG denies the allegations in Paragraph 97 of the Amended Complaint.

98.   KPMG denies the allegations in Paragraph 98 of the Amended Complaint.

99. Paragraph 99 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

## COUNT VI – EQUITABLE SUBORDINATION

100. KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 99 as if fully set forth herein.

101. KPMG denies the allegations in Paragraph 101 of the Amended Complaint.

102. KPMG denies the allegations in Paragraph 102 of the Amended Complaint.

103. KPMG denies the allegations in Paragraph 103 of the Amended Complaint.

104. KPMG denies the allegations in Paragraph 104 of the Amended Complaint.

105. KPMG denies the allegations in Paragraph 105 of the Amended Complaint.

106. KPMG admits it did not complete its audit of or issue an opinion on AstroPower's 2002 financial statements after it learned of AstroPower's potential fraud and AstroPower failed to complete timely and appropriate remedial actions. KPMG denies the remaining allegations in Paragraph 106 of the Amended Complaint.

107. KPMG denies the allegations in Paragraph 107 of the Amended Complaint.

108. KPMG admits that the Sarbanes-Oxley Act was signed into law on July 29, 2002. KPMG admits that it identified potential irregularities relating to, among other things, AstroPower's revenue recognition practices and that it expressed those concerns to AstroPower in early 2003. KPMG admits that on December 23, 2003, it notified AstroPower that the client-auditor relationship between AstroPower and KPMG had ceased. KPMG admits it did not

complete its audit or issue an opinion on AstroPower's 2002 financial statements. KPMG denies the remaining allegations in Paragraph 108 of the Amended Complaint.

109.    KPMG denies the allegations in Paragraph 109 of the Amended Complaint.

110.    KPMG denies the allegations in Paragraph 110 of the Amended Complaint.

111.    KPMG denies the allegations in Paragraph 111 of the Amended Complaint.

112.    Paragraph 112 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

113.    Paragraph 113 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

## COUNT VII – DISALLOWANCE OF KPMG CLAIMS

114.    KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 113 as if fully set forth herein.

115.    KPMG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore, they are deemed denied.

116.    KPMG admits the allegation in Paragraph 116 of the Amended Complaint.

117.    The allegations of Paragraph 117 contain legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

118.    Paragraph 118 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, KPMG is without knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore, they are deemed denied.

119.   KPMG denies the allegations in Paragraph 119 of the Amended Complaint.

120.   Paragraph 120 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegation is denied.

121.   Paragraph 121 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegation is denied.

122.   Paragraph 122 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegation is denied.

## DAMAGES AND OTHER REMEDIES

123.   KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 122 as if fully set forth herein.

124.   Paragraph 124 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegation is denied.

125.   Paragraph 125 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegation is denied.

126.   Paragraph 126 contains legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegation is denied.

## PUNITIVE DAMAGES

127.    KPMG repeats and reasserts its responses to the allegations of Paragraphs 1 through 126 as if fully set forth herein.

128.    Paragraph 128 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, the allegation is denied.

### FIRST AFFIRMATIVE DEFENSE:  STATUTE OF LIMITATIONS

AstroPower's Amended Complaint alleges acts that date back to 1992.  *See, e.g.,* Amended Complaint ¶¶ 10, 25, 26, 32.  Some or all of AstroPower's claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE:  IN PARI DELICTO

AstroPower's claims are barred by the doctrine of *in pari delicto*.

### THIRD AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

AstroPower's claims are barred because the Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE:  IMPUTATION

AstroPower's claims are barred by the doctrine of imputation.

### FIFTH AFFIRMATIVE DEFENSE:  COMPARATIVE NEGLIGENCE

AstroPower's claims are barred or diminished by the doctrine of comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE:  ESTOPPEL

AstroPower's claims are barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE:  INTERVENING OR SUPERVENING CAUSE

AstroPower's claims are barred by the doctrine of intervening or supervening cause.

## EIGHTH AFFIRMATIVE DEFENSE:  FAILURE TO MITIGATE DAMAGES

AstroPower's claims are barred or diminished because AstroPower failed to mitigate its damages.

## NINTH AFFIRMATIVE DEFENSE:  FAILURES OF CONDITIONS PRECEDENT

AstroPower's claims are barred because AstroPower, through its management, failed to disclose to KPMG all material information; failed to provide the full cooperation of AstroPower personnel; failed to provide truthful, complete and accurate information in response to KPMG's inquiries; and failed to provide truthful, complete and accurate representation letters from management—including, but not limited to, letters dated February 20, 2002 and March 29, 2002—thereby constituting failures of conditions precedent.

## TENTH AFFIRMATIVE DEFENSE:  FAILURE OF CONSIDERATION

AstroPower's claims are barred by failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE:  LACHES

AstroPower's claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE:  UNCLEAN HANDS

AstroPower's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE:  MANAGEMENT FRAUD

AstroPower's claims are barred because, to the extent that AstroPower's allegations are true, AstroPower made false representations to KPMG, including, but not limited to, in its management representation letters to KPMG dated February 20, 2002 and March 29, 2002.

## FOURTEENTH AFFIRMATIVE DEFENSE:  MATERIAL BREACH

AstroPower's contract claims are barred by its own material breaches of its obligations to KPMG.

## FIFTEENTH AFFIRMATIVE DEFENSE:  TRANSFERS IN THE ORDINARY COURSE OF BUSINESS

With respect to AstroPower's claims based on alleged Avoidable Transfers, both the debt and the payment occurred in the ordinary course of the Debtor's business or financial affairs and the payment was made according to ordinary business terms within the meaning of 11 U.S.C. § 547(c)(2).

## JURY DEMAND

KPMG demands a trial by jury for all issues so properly triable.

## PRAYER FOR RELIEF

WHEREFORE, KPMG respectfully requests judgment in its favor and against AstroPower, dismissing AstroPower's claims with prejudice, awarding costs, and granting such other and further relief as the Court may deem just and proper

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John T. Dorsey (No. 2988)
Maribeth L. Minella (No. 4185)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

- and -

Joseph Warganz
Associate General Counsel
KPMG LLP
757 Third Avenue
New York, NY  10017

SIDLEY AUSTIN LLP
Michael D. Warden
David S. Petron
1501 K Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711

Dated:  June 25, 2007

## CERTIFICATE OF SERVICE

I, John T. Dorsey, Esquire, hereby certify that on this 25th day of June

2007, I caused a true and correct copy of the **Defendant KPMG LLP's Answer** to be

filed with the Clerk of the Court using CM/ECF, which will send notification that such

filing is available for viewing and downloading to the following counsel of record:

Daniel Bartley Rath (rath@lrclaw.com)
Maribeth Leslie Minella (bank@ycst.com)
Kerri King Mumford (mumford@lrclaw.com)
Ross H. Parker (rparker@munsch.com)
Phil C. Appenzeller, Jr (pappenzeller@munsch.com)

I further certify that I have served the parties listed on the service list

below in the manner indicated.

John T. Dorsey

John T. Dorsey

Jr. Phil C. Appenzeller, Esq
Ross H. Parker, Esq.
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard, Suite 3800
Dallas, TX 75201
(Astropower Liquidating Trust)
*First Class Mail*

Daniel B. Rath, Esq
Kerri K. Mumford, Esq.
James S. Green, Jr., Esq.
Landis Rath & Cobb LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899
(Atropower Liquidating Trust)
*Hand Delivery*

Michael D. Warden, Esq
David S. Petron, Esq.
Sidley Austin LLP
1501 K. Street, N.W.
Washington, D.C. 20005
(KPMG, LLP)
*First Class Mail*