UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ASTROPOWER LIQUIDATING TRUST, f/k/a
ASTROPOWER, INC.,

        Plaintiff,

        vs.

KPMG LLP,

        Defendant.

Civil Action No. 06-469 (JJF)

**STIPULATED PROTECTIVE ORDER**

WHEREAS, AstroPower Liquidating Trust, f/k/a AstroPower, Inc. ("AstroPower" or "Plaintiff") and KPMG LLP ("KPMG" or "Defendant") believe that the production of documents and other discovery, whether formal or informal, in this action might result in the disclosure of confidential or proprietary information; and

WHEREAS, Plaintiff and Defendant (collectively, the "parties") believe that it would facilitate discovery in this action to produce such information under a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect such information from unnecessary disclosure to others; and

WHEREAS, the parties have agreed upon the terms of this Agreement and Stipulated Protective Order (the "Agreement"); and

WHEREAS, the Plaintiff and Defendant, through their undersigned counsel, hereby stipulate and agree to be bound by the following terms of this Agreement and have moved this Court to enter an order reflecting the terms of their stipulation and agreement; and

WHEREAS, the Court finds that the terms of this Agreement are fair and just and that good cause has been shown for entry of this Agreement;

It is therefore ORDERED as follows:

**Materials Covered**

1. This Agreement, and the confidentiality provisions contained herein, shall apply to all "Confidential Litigation Material" (as that term is defined in paragraph 2 below) disclosed during the course of the above-captioned action, by any party or non-party, including information disclosed in the course of discovery. Such information and materials shall be referred to hereinafter as either "Confidential Litigation Material" or simply "Litigation Material."

**Definition of Confidential Material**

2. "Confidential Litigation Material" or "Litigation Material" means any information and material produced during this litigation that is expressly designated "Confidential" by any producing person who reasonably and in good faith believes such material constitutes trade secrets or other confidential or proprietary information.

**Method of Designation**

3. Any party or non-party may designate as Confidential all or any portion of any Litigation Material as follows:

    a. Documents or other tangible Litigation Material produced by a party or non-party may be designated as Confidential by stamping or writing the legend "CONFIDENTIAL" on the document or other Litigation Material at or before production.

    b. Deposition or other testimony may be designated as Confidential by either of the following means: (i) by stating orally on the record that the information is Confidential

prior to the giving of such testimony; or (ii) by sending written notice designating information as Confidential within seven (7) days after receipt of the deposition transcript.  All information disclosed during a deposition shall be deemed to have been designated Confidential until seven (7) days after the transcript has been received, whether or not portions of the transcript have been previously so designated.  Following the expiration of the seven (7) day period, only those portions of the deposition testimony specifically designated as Confidential shall be treated as Confidential.

**Objections to Confidential Treatment**

4.     The failure of a party to challenge the propriety of a designation of Litigation Material as Confidential at the time made does not preclude a subsequent challenge thereto.  If, at any time, a party believes that Litigation Material designated Confidential by the producing party does not contain Confidential material or believes that it is necessary to disclose designated information to persons other than those permitted by this Agreement, the objecting party must first provide the producing party with written notice of its objections and the producing party shall have seven (7) days after receipt of such written notice to respond to such objections.  The parties shall thereafter engage in a good faith effort amongst themselves to resolve the dispute, as required by Federal Rule of Civil Procedure 26(c).  If, and only if, such good faith efforts are exhausted, the objecting party may make a written motion to this Court for an order removing the Confidential designation from such Litigation Material, certifying that good faith efforts to resolve the dispute were attempted but failed, and setting forth the reasons that the designation should be removed.  The party designating the Litigation Material as Confidential shall bear the burden of proving that it is entitled to such designation.  The material in question will continue to bear the Confidential designation until a ruling on the dispute is issued by this Court.

**Treatment of Confidential Litigation Material**

     5.     Any person responsible for making copies of Confidential Litigation Material must ensure that the copies adequately reflect the Confidential designation thereof.

     6.     Litigation Material designated as Confidential, including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

     a.     the Court;

     b.     court reporters who record deposition or other testimony in this case;

     c.     counsel of record to the parties in the above-captioned litigation, co-counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the litigation;

     d.     parties, and those directors, officers, in-house counsel, in-house consultants, and employees of the parties who are assisting in the litigation;

     e.     experts or consultants retained by the parties or their counsel to assist counsel to prepare this case for trial;

     f.     deposition and trial witnesses; and

     g.     any other person upon the written agreement of the party or non-party who produced or disclosed the Confidential material (which written agreement may be recorded on a deposition or other transcript), or pursuant to court order.

     7.     All persons authorized by this Agreement to receive information from Litigation Material designated Confidential shall maintain such information as confidential in accordance with this Agreement, and shall use such information solely for the purpose of preparing for and conducting the above-captioned action. No party or person receiving any Litigation Material

designated Confidential shall use such material or the contents thereof for any other litigation or arbitration purposes, nor for any other business, commercial, or competitive purposes.

8. No person authorized to receive Confidential information under this Agreement (other than the Court, court reporters, non-expert witnesses at deposition, and counsel for the parties, including counsel's staff) shall receive Confidential information without first receiving a copy of this Agreement and signing a confidentiality agreement in a form similar to that attached hereto as Exhibit A.

**Unauthorized Disclosure**

9. In the event that information from Litigation Material designated Confidential is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Agreement, or if any person so authorized breaches any of his or her obligations under this Agreement, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record for the party who initially produced the Confidential Litigation Material. Without prejudice to other rights and remedies of the designating party, counsel for the party making the disclosure shall make reasonable efforts to prevent further disclosure by it or by the person who was the recipient of such information.

10. Prior to trial, the Parties shall seek an order of the Court providing an appropriate procedure for use at or during the course of the trial of Litigation Material designated as Confidential pursuant to this Agreement.

**Subpoena by a Third Party**

11. If a party in possession of Confidential Litigation Material receives a subpoena from a non-party seeking production or other disclosure of Confidential Litigation Material, he

or she shall immediately give written notice to counsel for the party or non-party who designated the material as "Confidential," identifying the material sought and enclosing a copy of the subpoena. Where possible, at least seven (7) days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and received.

**Inadvertent Production of Privileged Materials**

12.   If any party inadvertently produces during this litigation any document, information, or material constituting or containing material that is subject to the attorney-client privilege, constitutes work product created by the party, its attorneys, or their agents, in anticipation of litigation, or is subject to any other privilege, the producing party may, promptly after learning of the inadvertent production, give written notice to the receiving party or parties that the document is subject to a claim of privilege and request that the document be returned to the producing party. Upon the receipt of such notice, the party to which such material was disclosed shall promptly return all copies of such privileged material in the possession of such party, its attorneys, or their agents and employees.

13.   If any party determines that it has received during this litigation any document, information, or material constituting or containing material that is subject to the attorney-client privilege, constitutes work product created by the party, its attorneys, or their agents, in anticipation of litigation, or is subject to any other privilege, the receiving party shall promptly notify the producing party and sequester the document, information, or material until such time as the issue can be resolved.

14.   The inadvertent production of material that is privileged or work product shall not constitute a waiver of the privilege or the work product doctrine. A receiving party's returning

or sequestering a document shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of privilege or the work product doctrine, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated as privileged or work product or should be produced for reasons other than a waiver caused by the inadvertent production.

**Conclusion of Litigation**

15.     Within ninety (90) days of the conclusion of this litigation by settlement or final judgment, including the exhaustion of all appeals, counsel of record for the parties shall either destroy all Litigation Material designated Confidential or return, at the producing party's option and expense, such material to counsel for the party who initially produced the Confidential Litigation Material.

**Amendment of This Agreement**

16.     The provisions of this Agreement may be modified at any time by written stipulation of the parties. In addition, a party may at any time apply to this Court for modification of this Agreement pursuant to a motion brought in accordance with the rules of this Court. The parties consent to an expedited hearing upon any such application.

**Reservation of Rights**

17.     Nothing contained in this Agreement shall be construed as a waiver by any party of its right to object on any other permissible grounds to any request for production of documents in this action, nor as a waiver by any party of another party's obligation to make proper responses to discovery requests. The entry of this Agreement shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that may exist are relevant or material in any

way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

18. This Agreement shall be without prejudice to the right of the parties to request additional protection under Federal Rule of Civil Procedure 26(c) for discovery requests made hereafter by any party.

19. Nothing in this Agreement shall be deemed to preclude a party from waiving any protection afforded to its Confidential Litigation Material under this Agreement, nor shall it prevent any party from disclosing its own information to any person it deems appropriate without waiving its rights or obligations under this Agreement.

20. Evidence of the existence or non-existence of a designation under this Agreement shall not be admissible for any purpose.

**Stipulated and Agreed to:**

/s/ James S. Green
LANDIS RATH & COBB LLP
Daniel B. Rath (No. 3022)
Kerri K. Mumford (No. 4186)
James S. Green, Jr. (No. 4406)
919 Market St., Suite 600
P.O. Box 2087O. Box 2087
Wilmington, DE 19899
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

**Attorneys for Plaintiff**

MUNSCH HARDT KOPF & HARR, P.C.
Phil C. Appenzeller, Jr.
Ross H. Parker
David Mizgala
500 N. Akard, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 844-7584

| | |
|---|---|
| /s/ John T. Dorsey<br>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>John T. Dorsey (No. 2988)<br>Maribeth L. Minella (No. 4185)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware  19801<br>Telephone:  (302) 571-6600<br>Facsimile:   (302) 571-1253<br><br>SIDLEY AUSTIN LLP<br>Michael D. Warden<br>David S. Petron<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone:  (202) 736-8000<br>Facsimile:  (202) 736-8711<br><br>**Attorneys for Defendant** | Joseph Warganz<br>Assistant General Counsel<br>KPMG LLP<br>757 Third Avenue<br>New York, NY  10017 |

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2008.

BY THE COURT

_____

The Honorable Joseph J. Farnan

9

**EXHIBIT A TO**
**AGREEMENT AND STIPULATED PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ASTROPOWER LIQUIDATING TRUST, f/k/a
ASTROPOWER, INC.,

           Plaintiff,

    vs.                            Civil Action No. 06-469 (JJF)

KPMG LLP,

           Defendant.

**ACKNOWLEDGMENT**

       I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Agreement and Stipulated Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Agreement and Stipulated Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Agreement and Stipulated Protective Order, such confidential documents, materials, or information. I further agree that the U.S. District Court for the District of Delaware has jurisdiction to enforce the terms of this Agreement and Stipulated Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

       If I am signing on behalf of a firm of court reporters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Agreement and Stipulated Protective Order and the firm's responsibilities hereunder.

_____        _____
Signature of Proposed Recipient of        Date
Confidential Material

_____        _____
Type or Print Name        Employer or Party, Law Firm, Expert,
                                                         Consultant, or Other Person Retaining the
                                                         Services of Proposed Recipient of
                                                         Confidential Material

**CERTIFICATE OF SERVICE**

    I, John T. Dorsey, Esquire, hereby certify that on this 29th day of February, 2008, I caused a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER** to be filed with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Phil C. Appenzeller, Jr (pappenzeller@munsch.com)
Maribeth Leslie Minella (bank@ycst.com)
John T. Dorsey  (jdorsey@ycst.com)
David Mizgala (dmizgala@munsch.com)
Kerri King Mumford (mumford@lrclaw.com)
Ross H. Parker (rparker@munsch.com)
David S. Petron (dpetron@sidley.com)
Daniel Bartley Rath (rath@lrclaw.com)
Michael A. Warden (mwarden@sidley.com)

    I further certify that I have served the parties listed on the service list below in the manner indicated.

                /s/ John T. Dorsey_____
                John T. Dorsey

| | |
|---|---|
| Jr. Phil C. Appenzeller, Esq | Daniel B. Rath, Esq |
| Ross H. Parker, Esq. | Kerri K. Mumford, Esq. |
| Munsch Hardt Kopf & Harr, P.C. | James S. Green, Jr., Esq. |
| 500 N. Akard, Suite 3800 | Landis Rath & Cobb LLP |
| Dallas, TX 75201 | 919 Market Street, Suite 600 |
| (Astropower Liquidating Trust) | P.O. Box 2087 |
| *First Class Mail* | Wilmington, DE 19899 |
| | (Atropower Liquidating Trust) |
| | *Hand Delivery* |

Michael D. Warden, Esq
David S. Petron, Esq.
Sidley Austin LLP
1501 K. Street, N.W.
Washington, D.C. 20005
(KPMG, LLP)
*First Class Mail*