IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTROPOWER LIQUIDATING TRUST, <br> f/k/a ASTROPOWER, INC., <br><br> Plaintiff, <br><br> v. <br><br> KPMG, LLP, <br><br> Defendant. | § <br> § <br> § <br> § <br> §    Civil Action No. 06-469 (JJF) <br> § <br> § <br> § <br> § <br> § |

## JOINT MOTION FOR MODIFICATION OF SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 6(b), Plaintiff AstroPower Liquidating Trust, f/k/a AstroPower, Inc. ("Plaintiff") and Defendant KPMG, LLP ("Defendant") (collectively, the "Parties"), file this Joint Motion for Modification of Scheduling Order and, in support, show:

    1.    On September 10, 2007, the Court entered the Rule 16 Scheduling Order (D.I. 26) ("Scheduling Order").

    2.    The Scheduling Order provides, <u>inter alia</u>, that:

- Exchange and completion of interrogatories, identification of all fact witnesses, and document production shall be commenced so as to be completed by May 16, 2008.

- The Parties shall make all disclosures required by Fed. R. Civ. P. 26(a)(2)(A)-(B) regarding expert witnesses offered by either Party on an issue on which that Party has the burden of proof by June 13, 2008.

- The Parties shall make all disclosures required by the above-referenced rules regarding expert witnesses offered by either Party on an issue on which that Party does not have the burden of proof by July 18, 2008.

- The Parties shall complete all discovery pertaining to expert witnesses by September 12, 2008.

- Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before November 7, 2008.

3.  The Parties have served requests for the production of documents and are working together to exchange documents.

4.  In the course of the initial round of discovery, it has become apparent to the Parties that, due to the extraordinary volume of documents and the fact that many of these documents are electronically stored, the Parties will need more time than originally expected to complete the production of documents. Further, given the number of depositions the Parties anticipate taking, additional time to complete fact discovery is also required.

5.  The Parties agree that a modification of the current scheduling order deadlines is necessary to provide the parties adequate time to complete written discovery, designate experts, complete the substantial number of depositions anticipated to be taken, prepare dispositive motions and/or mediation, and complete all pre-trial disclosures.

6.  Accordingly, the Parties request that the Court:

- extend the deadline for the exchange and completion of interrogatories, identification of all fact witnesses, and document production deadline to August 1, 2008;

- establish a deadline of December 19, 2008 for the completion of all fact depositions;

- extend the deadline for all disclosures regarding expert witnesses offered by either Party on an issue on which that Party has the burden of proof to January 30, 2009;

- extend the deadline for all disclosures regarding expert witnesses offered by either Party on an issue on which that Party does not have the burden of proof to March 6, 2009;

- extend the deadline for the Parties to complete all discovery pertaining to expert witnesses to May 1, 2009; and

- extend the deadline to file any case dispositive motion to June 26, 2009.

7.      Therefore, the Parties move the Court to enter the Amended Rule 16 Scheduling Order attached to this Motion as Exhibit A. A document comparison of the Scheduling Order and the proposed Amended Scheduling Order is attached hereto as Exhibit B.

8.      Trial in this matter has not yet been scheduled.

Wherefore, for the foregoing reasons, the Parties requests that the Court enter an Order amending the current Rule 16 Scheduling Order as set forth in Exhibit A and granting such other and further relief as the Court deems appropriate.

Dated: May 6, 2008                                LANDIS RATH & COBB LLP


                                                        /s/ James S. Green, Jr.
Daniel B. Rath (No. 3022)
James S. Green, Jr. (No. 4406)
919 Market Street, Suite 600
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: rath@lrclaw.com
       green@lrclaw.com

- and –

Phil C. Appenzeller, Jr. (Tex. Bar No. 24003710)
Ross H. Parker (Tex. Bar No. 24007804)
David Mizgala (Tex. Bar No. 24031594)
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: pappenzeller@munsch.com
       rparker@munsch.com
       dmizgala@munsch.com

*Counsel to the AstroPower Liquidating Trust*

485.001-20258.DOC

Dated: May 6, 2008                     YOUNG CONAWAY STARGATT & TAYLOR, LLP


    /s/ John T. Dorsey
John T. Dorsey, Esquire (No. 2988)
Maribeth L. Minella, Esquire (No. 4185)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6712
Facsimile: (302) 576-3351
Email: jdorsey@ycst.com
       bank@ycst.com

- and –

Michael D. Warden, Esquire
David S. Petron, Esquire
SIDLEY AUSTIN LLP
1501 K. Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
Email: mwarden@sidley.com
       dpetron@sidley.com

*Counsel to KPMG, LLP*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTROPOWER LIQUIDATING TRUST, f/k/a ASTROPOWER, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KPMG, LLP,<br><br>    Defendant. | § § § § § § § § § § § § | Civil Action No. 06-469 (JJF) |

## AMENDED RULE 16 SCHEDULING ORDER

The Parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The Parties will exchange a list of witnesses with knowledge and current contact information (as known to the Parties at this time) on or before September 28, 2007. The Parties have agreed that the other categories of information set forth in FED. R. CIV. P. 26(a)(1) and D. Del. LR 16.2 need not be exchanged through initial disclosures.

2. **Joinder of other Parties**. The deadline by which either of the Parties may cause a summons and complaint to be served upon a party not presently a party to this matter is December 1, 2007.

3. **Discovery**.

    (a) Exchange and completion of interrogatories, identification of all fact witnesses, and document production shall be commenced so as to be completed by Friday, August 1, 2008.

485.001-20259

(b) A maximum of twenty-five (25) interrogatories may be served by each Party on any other Party.

(c) A maximum of twenty-five (25) requests for admission may be served by each Party on any other Party.

(d) A maximum of twenty (20) depositions may be taken by plaintiff(s) and a maximum of twenty (20) depositions may be taken by defendant(s). This includes expert depositions. Depositions shall not commence until the discovery required by Paragraph 3 (a, b, and c) are completed.

(e) Depositions of fact witnesses shall be completed by Friday, December 19, 2008.

(f) The Parties shall make all disclosures required by FED. R. CIV. P. 26(a)(2)(A)-(B) regarding expert witnesses offered by either Party on an issue on which that Party has the burden of proof by Friday, January 30, 2009. The Parties shall make all disclosures required by the above-referenced rules regarding expert witnesses offered by either Party on an issue on which that Party does not have the burden of proof by Friday, March 6, 2009. The Parties shall complete all discovery pertaining to expert witnesses by Friday, May 1, 2009.

(g) The Parties agree to waive this Court's form requirement that any Party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report.

4. **Discovery Disputes**.

(a) A Party seeking discovery which the opposing Party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the

Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b)     All papers shall set forth in a plain and concise manner the issue(s) in dispute, the Party's position on the issue(s), and the reasons for the Party's position.

(c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the Parties have completed briefing.

(d)     Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the Parties accordingly.

(e)     There is no limit on the number of Rule 37 motions a Party may file, unless otherwise ordered by the Court.

5.     **Amendment of the Pleadings**.  The deadline by which either of the Parties may amend their pleadings is December 1, 2007.

6.     **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before Friday, June 26, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

7.     **Applications by Motion**.

(a)     Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and

signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

        (b)     No facsimile transmissions will be accepted.

        (c)     No telephone calls shall be made to Chambers.

        (d)     Any Party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

**Pretrial Conference and Trial**. A pre-trial status conference will be conducted by the Court on a date and time agreed upon by the Parties and confirmed with the Court's Clerk, as available. The pre-trial status conference shall be at least forty-five (45) calendar days prior to the trial date. The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the pre-trial status conference.

_____              _____
        DATE                                                       UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASTROPOWER LIQUIDATING TRUST, f/k/a ASTROPOWER, INC., <br><br>  Plaintiff, <br><br> v. <br><br> KPMG, LLP, <br><br>  Defendant. | § <br> § <br> § <br> § <br> § <br> §    Civil Action No. 06-469 (JJF) <br> § <br> § <br> § <br> § <br> § <br> § |

## AMENDED RULE 16 SCHEDULING ORDER

The Parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The Parties will exchange a list of witnesses with knowledge and current contact information (as known to the Parties at this time) on or before September 28, 2007. The Parties have agreed that the other categories of information set forth in FED. R. CIV. P. 26(a)(1) and D. Del. LR 16.2 need not be exchanged through initial disclosures.

2. **Joinder of other Parties**. The deadline by which either of the Parties may cause a summons and complaint to be served upon a party not presently a party to this matter is December 1, 2007.

3. **Discovery**.

    (a) Exchange and completion of interrogatories, identification of all fact witnesses, and document production shall be commenced so as to be completed by ~~May 16,~~ Friday, August 1, 2008.

(b) A maximum of twenty-five (25) interrogatories may be served by each Party on any other Party.

(c) A maximum of twenty-five (25) requests for admission may be served by each Party on any other Party.

(d) A maximum of twenty (20) depositions may be taken by plaintiff(s) and a maximum of twenty (20) depositions may be taken by defendant(s). This includes expert depositions. Depositions shall not commence until the discovery required by Paragraph 4̶3 (a, b, and c) are completed.

(e) <u>Depositions of fact witnesses shall be completed by Friday, December 19, 2008.</u>

(f) ̶(̶e̶)̶ The Parties shall make all disclosures required by FED. R. CIV. P. 26(a)(2)(A)-(B) regarding expert witnesses offered by either Party on an issue on which that Party has the burden of proof by ~~June 13, 2008.~~<u>Friday, January 30, 2009.</u> The Parties shall make all disclosures required by the above-referenced rules regarding expert witnesses offered by either Party on an issue on which that Party does not have the burden of proof by ~~July 18, 2008.~~<u>Friday, March 6, 2009.</u> The Parties shall complete all discovery pertaining to expert witnesses by ~~September 12, 2008.~~<u>Friday, May 1, 2009.</u>

(g) ̶(̶f̶)̶ The Parties agree to waive this ~~court~~<u>Court</u>'s form requirement that any Party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report.

4. **Discovery Disputes**.

(a) A Party seeking discovery which the opposing Party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure

2

and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

      (b)     All papers shall set forth in a plain and concise manner the issue(s) in dispute, the Party's position on the issue(s), and the reasons for the Party's position.

      (c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the Parties have completed briefing.

      (d)     Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the Parties accordingly.

      (e)     There is no limit on the number of Rule 37 motions a Party may file, unless otherwise ordered by the Court.

      5.     **Amendment of the Pleadings**. The deadline by which either of the Parties may amend their pleadings is December 1, 2007.

      6.     **Case Dispositive Motions**. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before ~~November 7, 2008.~~Friday, June 26, 2009. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

      7.     **Applications by Motion**.

      (a)     Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement

3

required by D. Del. LR 7.1.1.  Briefs shall be limited to no more than ten (10) pages.  Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing.  The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b) No facsimile transmissions will be accepted.

    (c) No telephone calls shall be made to Chambers.

    (d) Any Party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at:  jjf_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.

**Pretrial Conference and Trial**.  A pre-trial status conference will be conducted by the Court on a date and time agreed upon by the Parties and confirmed with the Court's Clerk, as available.  The pre-trial status conference shall be at least forty-five (45) calendar days prior to the trial date.  The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the pre-trial status conference.

_____    _____
    DATE                  UNITED STATES DISTRICT JUDGE

Document comparison by Workshare Professional on Tuesday, May 06, 2008 3:23:16 PM

| Input: | |
|---|---|
| Document 1 ID | file://S:/TMW5/data/files/Docs/485.001/485.001-17787.DOC |
| Description | 485.001-17787 |
| Document 2 ID | file://S:/TMW5/data/files/Docs/485.001/485.001-20259.DOC |
| Description | 485.001-20259 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 14 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 26 |